JOHN R. BROWN, Circuit Judge:
 

 In our third and final phase of Multipon-ics, Inc., Multiponics III.
 
 [1]
 
 we uphold the District Court’s award of attorneys’ fees and, with counsel accounted for, bring to a judicial close a bankruptcy reorganization that has languished in our Courts for nearly a decade.
 

 Request And Award
 

 Counsel for First National City Bank (“Citibank”), as trustee under an indenture, seek counsel fees in connection with their efforts in this bankruptcy reorganization. Citibank retained Shearman and Sterling of New York and Liskow and Lewis of New Orleans as counsel. These attorneys applied to the District Court for $601,123.35 in fees for the period from February 11, 1971 through December 31, 1976.
 

 The District Court held an evidentiary hearing, requested additional information from the parties, then held another hearing. Counsel had a full and fair opportunity to detail and demonstrate to the Court their assistance in this bankruptcy reorganization and, in fact, did present lengthy statements to the Court describing the number of hours worked. After examining the legal papers and documents with care, the District Court made its award. The Court ruled that counsel for Citibank was entitled to $182,-500 if the claim of one of the parties involved in the reorganization, Machinery Rental, remained subordinated on appeal to the general creditors, including the debenture holders, but only $30,000 if Machinery Rental’s claim was given priority.
 
 [2]
 

 In re Multiponics Inc.,
 
 436 F.Supp. 1072 (E.D.La.1977),
 
 as amended,
 
 No. 71-218 (E.D.La., Aug. 9, 1977).
 
 [3]
 

 
 *733
 
 Judge Rubin, in his opinion, carefully and correctly outlined the state of the law regarding counsel fees in such cases. As he explained, a Court is authorized to award reasonable compensation for services, costs, and expenses in connection with a bankruptcy administration. Section 242, 11 U.S.C.A. § 642, provides:
 

 The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in connection with the administration of an estate in a proceeding under this chapter .
 

 (1) by indenture trustees .
 

 (3) by the attorneys or agents for any of the foregoing .
 

 While counsel need not show his services specifically benefitted the administration or protection of the estate as had been required by § 77B, the predecessor of Section 242, economy of administration remains a proper concern. See 6A W. Collier, On Bankruptcy ¶ 13.06 (14th ed. 1978). Services must be reasonably necessary to be compensable. Section 242, Rule 10-215(c)(1)(B).
 
 [4]
 
 See also
 
 Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Kirkland (In re TMT Trailer Ferry, Inc.),
 
 434 F.2d 804 (5th Cir. 1970),
 
 cert. denied,
 
 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 648 (1971).
 

 Various factors must be taken into account in implementing this standard. * As we outlined in
 
 American Benefit Life Insurance Co. v. Baddock (In re First Colonial Corp. of America),
 
 544 F.2d 1291, 1298-99 (5th Cir. 1977);
 
 cert. denied,
 
 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977), quoting
 
 Johnson v. Georgia Highway Express, Inc.,
 
 488 F.2d 714, 717-19 (5th Cir. 1974), the following particulars should be considered in fashioning an award of attorneys fees:
 

 (1) The time and labor required;
 

 (2) The novelty and difficulty of the questions;
 

 (3)The skill requisite to perform the legal service properly;
 

 (4) The preclusion of other employment by the attorney due to acceptance of the case;
 

 (5) The customary fee;
 

 (6) Whether the fee is fixed or contingent;
 

 (7) Time limitations imposed by the client or other circumstances;
 

 (8) The amount involved and the results obtained;
 

 (9) The experience, reputation, and ability of the attorneys;
 

 (10) The “undesirability” of the case;
 

 (11) The nature and length of the professional relationship with the client;
 

 (12) Awards in similar cases.
 

 See also
 
 Rose Pass Mines, Inc. v. Howard,
 
 615 F.2d 1088 (5th Cir. 1980);
 
 In re Arlan’s Department Stores, Inc.,
 
 462 F.Supp. 1255, 1260-61 (S.D.N.Y.1978).
 

 Once the proper legal standard is employed, we can reverse a fee award only if we find the District Court abused its discretion. In this case, the District Court scrupulously outlined and followed the applicable legal standard and examined the panorama of factors. While an award of $30,000 does appear to us to be rather restrained, particularly in light of the labor expended and professional abilities demonstrated by counsel here, as we discuss below, we perceive no material basis for finding an abuse in the District Court’s award.
 

 Distrusting The District Court
 

 Counsel for Citibank lodges three attacks on the District Court’s award, all of which we must reject. First, counsel argues that the Trust Indenture Act, 15 U.S.
 
 *734
 
 C.A. § 77ooo(c) (“TIA”), like the Bankruptcy Act, mandates the participation of indenture trustees in reorganization proceedings for which they should be compensated. Judge Rubin acknowledged these principles and the very fine work done by the indenture trustee in these bankruptcy proceedings. The District Court also recognized, however, that while the TIA articulates an important policy, which was taken into account in the drafting of § 242 of the Bankruptcy Act, fee awards are not unlimited. Only the “proper costs and expenses incurred in connection with the administration” are compensable. Section 242,11 U.S. C.A. § 642. The District Court distinguished between those services rendered by counsel for Citibank which were beneficial to the estate and those services which were beneficial primarily to the debenture holders. The former, the District Court explained, were proper expenses for which compensation was due from the estate, while the latter were not. The District Court’s analysis is consistent with the applicable statutory provisions and policy concerns.
 
 [5]
 
 Rather than indicative of an abuse of discretion, such reasoning is eminently reasonable.
 
 [6]
 

 A Judicial Contingent Fee
 

 Second, counsel for Citibank challenges the District Court’s use of a contingent fee award as without basis in law or logic. In our view, the District Court’s alternative award is compatible with the Bankruptcy Act’s statutory direction to compensate only proper costs of the estate. The contingency feature is also consistent with our general concern that the award be commensurate with the “results obtained” by those seeking compensation.
 
 [7]
 
 As the District Court was well aware, once Machinery Rental’s claim is given priority, the share of assets available to the debenture holders and other general creditors who are next in the line of distribution is reduced. Since the possibility of reversal markedly affects the amount of assets available to the creditors, the District Court was entitled to take that possibility into account.
 
 [8]
 
 We cannot hold the award an abuse of the District Court’s discretion.
 

 A Local Focal
 

 Finally, counsel for Citibank argues that the District Court should not have considered that the utilization of local counsel would have reduced expenses. According to the District Court, Citibank, as indenture trustee, had a duty to minimize expenses. The District Court explained that, where competent counsel is available at lower rates with attendant reduced travel costs and other expenses, the estate should be charged only with the lower cost of local counsel. The “customary fee” for similar work in the community, “time and labor required” and “skill requisite to perform the legal service properly,” were all
 
 *735
 
 proper concerns for the District Court.
 
 [9]
 
 Although the District Court should not be niggardly in its award, discouraging competent counsel from offering their services to the estate, the District Court should award an amount which is nonetheless “at the lower end of the spectrum of reasonableness.”
 
 First Colonial Corp. of America,
 
 544 F.2d at 1299, quoting
 
 Jacobowitz v. Double Seven Corp.,
 
 378 F.2d 405, 408 (9th Cir. 1967). A reasonable attorneys’ fee is not one reducible to a mathematical formula.
 
 Johnson v. Georgia Highway Express, Inc.,
 
 488 F.2d at 720. The District Court’s award was proper.
 

 AFFIRMED.
 

 [1]
 

 . See
 
 Multiponics I,
 
 622 F.2d 709 at 711-712 for a more complete description of the facts and
 
 Multiponics II,
 
 622 F.2d 725 at 726-727 for a related case involving the set off of bank funds.
 

 [2]
 

 . See
 
 Multiponics I,
 
 622 F.2d 709, [1980, at 722], Part II, on the subordination of Machinery Rental in which we did, in fact, reverse the District Court as to Machinery Rental, thus making applicable the $30,000 award rather than the $182,500 award.
 

 [3]
 

 .On July 13, 1977, then District Judge Rubin filed his opinion on the fee award in which he awarded counsel for Citibank $150,000. No contingency was included in the award. Judge Rubin subsequently amended his opinion, however, on August 19, 1977 to include the $182,-500/$30,000 contingency fee feature. Counsel for Citibank appeals the opinion as amended.
 

 [4]
 

 . Rule 10-215(c)(l)(B) provides:
 

 Reasonable compensation and reimbursement of expenses may be allowed by the court to . . . indenture trustees . . and the attorneys or agents for any of them . . for services which are beneficial in the administration of the estate, for services which contribute to a plan which is approved or to the approval of a plan whether or not such plan is confirmed, for services which contribute to a plan which is confirmed or to the confirmation of a plan, and for services rendered in opposing a plan confirmation of which has been refused.
 

 [5]
 

 . As we have explained, counsel’s end product should be examined by the District Court in fashioning the award. See factor “(8) The amount involved and the results obtained,” quoted
 
 supra
 
 p. 733 from
 
 First Colonial Corp. of America,
 
 544 F.2d at 1299.
 

 [6]
 

 . Counsel for Citibank also argues that Congress in its 1978 revision of the Bankruptcy Act recently emphasized that counsel must be compensated according to the value of the services, rejecting prior concerns for economy of administration. The short answer to this is that the amended Bankruptcy Act, effective for bankruptcy cases commenced on October 1, 1979, does not apply to this case. Act of Nov. 6, 1978, Pub.L.No. 95-598, § 403(a), 92 Stat. 2683 (“(a) A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted . . .) In any event, we do not deem the fee award here so parsimonious that it constitutes an abuse of the District Court’s discretion.
 

 [7]
 

 . Again see factor (8), the “results obtained,” quoted
 
 supra
 
 p. 733, which we have noted as one element for the District Court to consider in awarding counsel fees.
 
 First Colonial Corp. of America,
 
 544 F.2d at 1299.
 

 [8]
 

 . See factor (8), the “amount involved,” quoted
 
 supra
 
 p. 733, another element the District Court should — and apparently did — consider..
 
 Id
 

 [9]
 

 . See factors (5), (1) and (3) quoted
 
 supra
 
 p. -,
 
 First Colonial Corp. of America,
 
 544 F.2d at 1298-99.