### In the Matter of W. G. SHUCKERS, INC., Debtor.

### Bankruptcy No. 97–40432.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

March 15, 1999.

Mr. Michael A. Lewanski, Savannah, GA, for Debtor.

Mr. Wiley A. Wasden, III, Savannah, GA, Chapter 7 Trustee.

## ORDER

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

This case was commenced on February 13, 1997, by the filing of a voluntary petition under Chapter 11. On February 24, 1997, Debtor filed an Application to employ Michael A. Lewanski as its counsel. An Order provisionally approving that appointment was entered on March 4, 1997, and provided for any party in interest objecting to the appointment to file such

an objection within twenty (20) days. (Doc. 16). No such objection was received and the appointment of Mr. Lewanski to serve as counsel to the debtor-in-possession became final on March 24, 1997.

Lewanski was hired pursuant to the provisions of 11 U.S.C. § 327(a) which provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Lewanski filed an application for compensation on September 30, 1997, enumerating services rendered for the period from February 13, 1997, through September 26, 1997, and sought compensation in the amount of $10,526.00 less a retainer of $2,350.00, or a net award of $8,176.00. The United States Trustee filed an objection to the fee application on October 22, 1998, and that matter was heard on December 18, 1998.

The essence of the Trustee's argument as articulated in the written objection and at the time of the hearing is twofold. First, the Trustee argues that Lewanski has received a $2,350.00 retainer, which is a reasonable fee in light of the services rendered and the results obtained. Second, the Trustee contends that the applicant is ineligible to be paid out of estate funds for services rendered under the authority of *In re American Steel Product, Inc.*, Ch. 7 No. 96–60525 (Bankr.S.D.Ga. July 1, 1997), *aff'd*, CV 697–102 (S.D.Ga. May 29, 1998).

In the *American Steel* case, Chief Judge Dalis held that debtor's counsel in an involuntary Chapter 7 case which was converted, remained pending for some period of time under Chapter 11, and then was reconverted to a Chapter 7, could not be compensated under 11 U.S.C. § 330 as amended in 1994. Judge Dalis based his holding on the deletion from that code section of the phrase "or to the debtor's attorney" from the list of professionals who may be compensated out of a debtor's estate. His ruling was recently affirmed by the Honorable B. Avant Edenfield, and the United States Trustee relies on this holding in contending that Mr. Lewanski cannot be compensated from estate funds.

Having reviewed applicable authority, however, I conclude that *American Steel* is distinguishable and that the applicant is not ineligible to receive compensation for the period of time during which applicant represented the Chapter 11 debtor-in-possession. *See American Steel Product*, CV 697–102, slip op. at 10 (argument of applicant's counsel that it could be compensated for its services during the pendency of the Chapter 11 deemed waived). The apparent theory, advanced there for the first time on appeal, was that a Chapter 11 debtor-in-possession stands in the shoes of a trustee. Thus its engagement of counsel under Section 327 carries with it the right to compensation under Section 330(a)(1), which permits the court to "award to a trustee, an examiner, a professional person employed under section 327" reasonable compensation.

■ Having considered the question as a matter of first impression in this District, I hold that an attorney duly appointed under Section 327 to serve as counsel to a debtor-in-possession may be compensated from estate assets under 11 U.S.C. § 330, notwithstanding the deletion of the phrase "or to the debtor's attorney" from that section. 11 U.S.C. § 1101 provides that "debtor-in-possession" means debtor. Section 1107 provides generally that, subject to certain limitations not relevant here, a "debtor-in-possession" shall have all of the rights and shall perform all of the functions and duties of a trustee serving in a case under Chapter 11. Under Section 327, a trustee under any chapter of Title 11 is authorized, with the court's

approval, to employ attorneys to represent or assist the trustee in carrying out the trustee's duties. Because the applicant was engaged by the Debtor and approved as counsel to the debtor-in-possession by court order pursuant to Section 327 and because Section 330 permits compensation to attorneys for debtors-in-possession appointed under Section 327, I hold that *American Steel* is not controlling for any services rendered to the debtor-in-possession while the case was pending in Chapter 11. Accordingly, applicant is eligible to be compensated, subject to review of the fee and its reasonableness.

■ The application covers services rendered from February 13, 1997, through September 26, 1997. The hearing on the Motion to Convert this case was conducted on September 19 and an Order converting the case was entered on September 29, 1997. Applicant therefore seeks no compensation for services to the Debtor during the Chapter 7, which would be disallowed under *American Steel*, but seeks compensation only for services to the Chapter 11 debtor-in-possession.

■ Attorney's fees are to be determined under the 'lodestar' method, by multiplying the number of hours reasonably billed by a reasonable hourly rate. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). Excessive, redundant or otherwise unnecessary hours should be excluded from the claimed amount, and the award must be supported by more than conclusory statements. *Matter of Concrete Products*, 208 B.R. 1015, 1022–23 (Bankr.S.D.Ga.1996). Review of applications for attorney fees is controlled by 11 U.S.C. § 330, which provides in pertinent part:

(a)(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, important, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

A review of the fee application shows ordinary and reasonable services rendered in connection with the preparation and filing of a Chapter 11 reorganization case, the filing of an adversary proceeding seeking a temporary restraining order against the State of Georgia, and litigation with what was perhaps the single most critical creditor in the case, the Debtor's landlord. Counsel assisted in the preparation of schedules, reviewed and implemented procedural requirements imposed on Debtor by the Office of the United States Trustee, resisted the landlord's Motion for Relief from Stay, met periodically with clients and drafted a Chapter 11 plan. However, in the midst of these proceedings, the landlord was successful in obtaining relief from stay to evict Debtor from its sole business premises. As a result, Debtor could not reorganize and the case was converted.

■ In general, the entries by the applicant are straightforward, were reasonable and necessary to the prosecution of a Chapter 11 case and were billed at an acceptable hourly rate. However, approximately 25 hours time was devoted to research and drafting of briefs on the stay relief matter, which involved largely questions of state law which were not particularly difficult, unique or such as would have consumed a significant amount of

time and I will reduce the attorney's fees by fifteen (15) hours for those services.

 In addition, services were rendered beginning on May 9, 1997, which contain the notation "MOR." There were numerous conferences with the client regarding "MOR." There is nothing in the coding of the application and nothing in the record to suggest exactly what the nature of "MOR" was, how it related to the Chapter 11 case, or whether it should be compensable from the estate. The fee applicant bears the burden of documenting appropriate hours and hourly rates, and should set out the general subject matter of time expenditures with sufficient particularity to enable the Court to assess the reasonableness of the time spent. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988) (citations omitted); *see also Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.1977), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977) (attorney seeking compensation should file statement reciting hours worked and describing how each of those hours was spent); *In re Beverly Manufacturing*, 841 F.2d 365, 370 (11th Cir.1988) (court has discretion to deny fees where no indication given of specific nature of each service and relation to bankruptcy proceeding); *In re Concrete Products*, 208 B.R. 1000, 1013 (Bankr.S.D.Ga.1996) (failure to keep time records or to submit other evidence quantifying time spent on related matters precluded approval). Accordingly, I will reduce the allowable fee hours by two (2), the amount of all time entries related to the elusive MOR.

Under Section 330, except as adjusted herein, I find applicant's services to have been actually performed, reasonable in amount, and billed at an appropriate hourly rate for Chapter 11 services. While the case was not ultimately successful, the case was not brought or prosecuted in bad faith and in asserting Debtor's contentions, applicant's services were "necessary to the administration of or beneficial ... toward the completion of a case" under Chapter 11, at the time they were rendered.

In conclusion applicant is awarded attorney's fees in the total amount of $8,401.00,[1] less the deposit previously received of $2,350.00 for a net award of $6,051.00. Inasmuch as these were services rendered exclusively for the benefit of the Chapter 11 debtor-in-possession, they shall be treated as Chapter 11 administrative expenses. The Chapter 7 Trustee is directed within twenty (20) days from the date of this Order to submit a new proposed Order on Distribution in accordance with the provisions of this opinion.

1.

| | | |
|---|---|---|
| Amount sought | | $10,526.00 |
| Less 17 hours | | $ 2,125.00 |
| Net | | $ 8,401.00 |