**In the Matter of Katina L. TAYLOR, Debtor.**

**Bankruptcy No. 99–40825.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Aug. 17, 1999.

Michael Hostilo, Savannah, GA, for Debtor.

Sylvia Ford Brown, Savannah, GA, Chapter 13 Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO ATTORNEY'S FEES

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

In this case Debtor's counsel agreed to represent Debtor in the preparation, filing, and prosecution of a Chapter 13 bankruptcy case for an agreed upon fee of $1,100.00, to be paid out of disbursements from the Chapter 13 Trustee following confirmation. (*See* Disclosure of Compensation of Attorney for Debtor attached to Debtor's petition.) At the first scheduled 341 Meeting on April 19, 1999, Debtor failed to appear and Debtor's counsel failed to appear, although substitute counsel announced that he was present at Debtor's counsel's request. The case was continued to May 17, 1999, on verbal notification given at the creditors' meeting. When the continued 341 meeting was called for consideration on May 17, neither Debtor nor Debtor's counsel appeared and the Trustee asked the Clerk's Office to issue an Order and Notice to Show Cause Why Case Should Not be Dismissed. Debtor's counsel did request to be heard on that matter and it was scheduled for June 16, 1999. On June 16, 1999, the Debtor appeared, but Debtor's counsel did not. Since the Debtor was in attendance and established that payments were being remitted to the Trustee, however, the Court ordered a rescheduled creditors' meeting which was successfully concluded on July 9, 1999. Thereafter, the matter came on for confirmation before the Court on August 10, 1999, and the plan was confirmed without objection by any party in interest.

I have this day ruled in the case of *In the Matter of Eva Mae Wingster*, Ch. 13 No. 99–40784 (Bankr.S.D.Ga. Aug. 17, 1999), that, even in a case where debtor's counsel's absence cannot be shown to have resulted in any affirmative harm to any party, the mere fact that debtor's counsel did not appear and participate in the Section 341 meeting, did not receive leave of Court, and did not effectuate a formal substitution of counsel supports an objection to the lodestar Chapter 13 debtor's counsel's fee. For reasons set forth in those cases, I reduced the $1,100.00 fee to $950.00, but clearly distinguished that holding from the type of case which would yield a more severe fee reduction in the event there was delay, harm, or inconvenience to the client or other parties. In this case, a more substantial fee reduction is clearly appropriate.

## CONCLUSIONS OF LAW

General Order 1998–1 provides as follows:

To fulfill the requirements of 11 U.S.C. § 330(a), the Court periodically reviews the reasonableness of compensation awarded by the Court to counsel representing Chapter 13 debtors. Having conducted such periodic review it is therefore ORDERED that:

(1) General Order 1995–4 filed May 15, 1995, is vacated.

(2) Effective in all cases filed after December 31, 1998, a claim for attorney's fees for services rendered and expenses advanced to a Chapter 13 debtor will be deemed automatically approved by the Court, in the absence of an objection, so long as said claim *does not exceed* the sum of $1,100.00. *The $1,100.00 fee contemplates appearance by counsel of record for the debtor at the Section 341 meeting and all hearings.* Said fee shall be payable as follows: Up to the first $500.00 by payments from the Trustee as soon as practicable following confirmation. The balance of $600.00, or less if applicable, in payments from the Trustee following the initial disbursement at a rate not to exceed $50.00 per month. Debtors' counsel are directed to file written statements pursuant to Bankruptcy Rule 2016(b) disclosing the fee arrangement with their clients. Debtors' attorney may, of course, agree to represent debtors for a lesser amount and are required by the Code of Professional Responsibility to do so in appropriate cases when the amount and nature of the debtors or other relevant factors result in the expenditure of substantially less attorney's time. In the event debtors' attorney subsequently determines that an award of $1,100.00 does not adequately compensate the attorney for legal services rendered, the attorney may petition for a reasonable attorney's fees disclosing all time expended in such representation from the beginning of the case under the standards set in 11 U.S.C. § 330 and *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292 (11th Cir.1988).

(Emphasis in original). This General Order has been adopted by the Judges of this Court in observance of the Court's obligation to establish and make awards of attorney's fees for debtors' counsel in cases filed under Title 11. 11 U.S.C. § 330(a)(4)(B) provides as follows:

(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Those factors are enumerated as follows:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person; and

(B) reimbursement for actual, necessary expenses.

(3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of; or beneficial at the time at which the service was rendered toward the completion of a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the com-

plexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

■ General Order 1998–1 establishes a mechanism for allowance of attorney's fees up to $1,100.00 in amount unless a party in interest objects. When an objection to a proposed fee is lodged, the burden of proof to establish what constitutes a reasonable fee remains on the applicant at all times. *See In re W.G. Shuckers, Inc.,* 232 B.R. 524, 528 (Bankr.S.D.Ga.1999). In this case, Debtor's counsel never made an appearance on behalf of the Debtor until confirmation, at which time the objection to counsel's fee had also been noticed and set for a hearing. In other words, Debtor's counsel missed the first scheduled 341 Meeting, missed the second scheduled 341 Meeting, and missed the hearing on the Order to Show Cause why the case should not be dismissed, although he did file a request that Debtor be permitted to be heard in response to that notice. Only as a result of Debtor's *pro se* appearance on that occasion did the case remain pending. The case has now been confirmed and the Debtor has the opportunity through periodic payments to the Chapter 13 Trustee, in accordance with the plan, to obtain the fresh start envisioned by Congress.

Thus the result obtained in this case has been beneficial to the Debtor. Nevertheless, the administration of the case was delayed, expense was caused to other parties, and the administrative burden on the Clerk's Office and the Trustee was increased as a result of counsel's failure to appear. Moreover, counsel's client, the Debtor, was forced to fend for herself at the hearing to determine whether the case should be dismissed. Because she made a persuasive case in her own behalf that the case should remain pending, the matter was not dismissed. Nevertheless, the client should, at the very least, be able to rely on counsel appearing when a result as serious as dismissal may hang in the balance.

Counsel failed to fulfill numerous obligations in failing to appear at the hearings enumerated. Because the Trustee filed an objection to the fee, the burden of establishing a reasonable fee shifted to the applicant. Since he failed to maintain time records and was unable to make any proffer to the Court as to how much time had been devoted to the case, the most critical element in establishing a reasonable fee is missing.

■ The Court in its discretion, however, is still called upon to set a fee and upon established precedent may draw upon its own experience in doing so. *W.G. Shuckers, Inc.,* 232 B.R. at 528. An examination of the file in this case reveals nothing remarkable about it nor any issues that were unduly time consuming, unique, or difficult to master. In fact, Debtor's only secured claim is in the amount of $500.00. Total unsecured claims are only slightly over $3,000.00. The case will pay out in less than three years and only three creditors filed claims in her case. Counsel offered nothing to suggest any particular emergency or other reason which prompted the filing of her case. It could have been a pending repossession of her furniture, a garnishment of her wages, or other civil litigation, but counsel introduced no proof to show what the cause of the filing was or that it was occasioned by any emergency or that any other factor exists which would warrant an enhancement in the fee. *See In re First American Health Care of Georgia, Inc.,* 212 B.R. 408 (Bankr.S.D.Ga. 1997). In light of the amount of money at issue in this case, the number of creditors, the absence of any factors which would suggest that an enhanced fee should be allowed and counsel's utter failure to make appearances at any appropriate time, other than at confirmation when his fee request

was also in jeopardy, I conclude that a minimal fee should be awarded.

Accordingly, the Trustee's objection to counsel's fee is sustained, the requested fee of $1,100.00 is denied, and counsel is awarded $250.00 in attorney's fees for the representation of this Debtor, to be paid in monthly installments not to exceed $50.00 each out of funds on hand.