**In re Bertha BURTON, Debtor.**

**No. 00–55187–JDW.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

June 15, 2001.

Robert P. Westin, Gordon, GA, for Debtor.

Elaina Massey, Macon, GA, for Chapter 13 Trustee.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on the Chapter 13 Trustee's Objection to At-torney Fees at a confirmation hearing held on April 9, 2001. Trustee objected to the $1,150 requested by the attorney for Bertha Burton ("Debtor"). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052 and sustains the Trustee's objection.

### Findings of Fact

Debtor filed this Chapter 13 case on December 29, 2000. The summary of schedules filed indicate assets and liabilities as follows:

| | |
|---|---|
| Personal property | $2,100.00 |
| Creditors holding secured claims | $ 470.00 |
| Creditors holding unsecured non-priority claims | $4,885.00 |

The personal property consists of two items, household goods valued at $1,800.00 and wearing apparel valued at $300.00. Both items were claimed as exempt. The $470.00 secured claim represents the claim of a furniture dealer secured by a purchase money security interest. The unsecured debt consists of one claim by Student Finance Corporation.

Debtor enjoyed the benefit of the furniture purchased from the furniture company. The collateral is located in Debtor's home. On the other hand, Debtor did not receive any benefit from the unsecured student loan debt. The indebtedness was incurred by Debtor's son in a failed attempt to gain employment as a truck driver.

Debtor is an elderly woman whose sole income consists of $512.00 per month received from social security as a disability payment. Debtor's plan is funded entirely by Debtor's son who is also a Chapter 13 debtor. The unsecured debt being funded

by Debtor's son through this Debtor's Chapter 13 Plan was incurred following the filing of the son's Chapter 13 case and in violation of this Court's prohibition on incurring post-petition debt without approval.

There is no humanitarian criteria by which this Debtor's budget might be critically reviewed. While the official forms required to be completed by this Debtor show an allocation of income toward the various enumerated necessities, each category is seriously in need of enlargement. Unfortunately, Debtor's personal financial circumstances will not now and will not for the foreseeable future permit such an enlargement. Yet, despite this Debtor's impoverished circumstances, she is a careful manager of her meager financial resources.

The consideration by the Court of the matter of attorney's fees and the related policy considerations must not result in a decision in this case which enlarges the hardship endured by this Debtor. While the Trustee had initially urged dismissal of this case, it seems to have become apparent to the Trustee, as it has to the Court, that the consideration by the Court as to whether this case should have been filed in the first place should not result in a dismissal of this case and a further disruption of her financial circumstances.

The unsecured debt in this case was incurred when Debtor agreed at the request of her son to co-sign the student loan debt. The wisdom of Debtor's decision is as much a matter beyond the scope of this opinion as is be the motivation of the creditor seeking this Debtor's financial assurances as a condition for extending this loan. The fact remains that Debtor is liable as a co-debtor and jointly responsible for the payment of the student loan debt with her son. The fact that she has no means to satisfy this obligation has not prevented the creditor from telephoning Debtor repeatedly to communicate threats of dire consequences including criminal prosecution if Debtor did not pay the debt.

Understandably, Debtor has urged her son to pay the debt so that she might be relieved of the discomfort created by these calls. The son, having learned about the Chapter 13 program from his own first-hand experience, took Debtor to his attorney's office and arranged for her to file her own Chapter 13 case. Given that she had no financial means to fund such a case, the son gave assurances to his lawyer, now her lawyer, that he would make the payments for her. While this offer of financial accommodation was understandable since the sole purpose of filing her Chapter 13 case was to pay his debt, the legitimacy of the accommodation as a basis for this Debtor's qualifications to file this case is questionable.

While Debtor is judgment proof, assurances that threats of criminal prosecution were groundless did not comfort this Debtor. She was advised by her son and by her son's lawyer that the automatic stay created by the filing of a bankruptcy case would be a much more effective deterrent. While it is true that the automatic stay should have prevented such communications between the creditor and Debtor, it did not, in fact, have that effect. The calls have continued and Debtor has not enjoyed any relief from the harassment caused by her ill-considered decision to join with her son as a co-obligor on the student loan debt. She finds herself in the position now of having to do what she could have done without filing this case, rely on the assurances of her attorney that her life could not be disrupted by anything this creditor could do to enforce the payment of this obligation.

For the pleasure of the automatic stay, Debtor agreed to pay her attorney

$1,150.00. Debtor's attorney requested an award of fees in that amount when this case was filed. The issue for decision in this case is whether that fee or some lesser amount should be awarded to Debtor's attorney. Trustee objected to this request for attorney fees in the confirmation hearing held on April 9, 2001. Confirmation was not opposed by the Trustee.

In support of this request, Debtor's counsel offered the testimony of Debtor that she agreed to the attorney fee amount, was glad to pay the fee, and that the services performed by Debtor's counsel were satisfactory. Upon further examination of Debtor, it appears that Debtor has no means of her own to pay attorney's fees in any amount. The payment of the fees, like the payment of the student loan debt in her case were to be made with funds supplied by Debtor's son.

### Conclusions of Law

▮ The agreement to pay a fee with funds provided by another person does not serve the purpose of demonstrating the reasonableness of the fee. Section 329 of the Bankruptcy Code governs the award of attorney fees to a Chapter 13 debtor's attorney. It provides that the court may alter the compensation to be paid to an attorney for his services where the compensation "exceeds the reasonable value of any such services." 11 U.S.C. § 329(b)(West 1994).[1] The standard for reasonableness in this context is governed by well established federal law. A court awards the fee agreed to by the attorney and client if it appears to be reasonable in light of the complexity of the case, the amount of the debt, the prevailing market rate in the relevant legal community for similar services and other factors noted by the Eleventh Circuit Court of Appeals in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). In that case, the Court referenced the twelve factors highlighted in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), for determining the reasonableness of attorney fees.[2] However, the court is not limited to any mathematical formula to make such determination. The court may draw on its own experience

---

**1.** Section 329 of the Bankruptcy Code states in its entirety:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

11 U.S.C. § 329 (West 1994).

**2.** The twelve factors noted in *Johnson* were the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

with the present case and similar cases to determine a reasonable fee. *Citibank, N.A. v. Multiponics, Inc. (In re Multiponics, Inc.)*, 622 F.2d 731 (5th Cir.1980).[3]

■ Understanding that the task of representing Chapter 13 Debtors is repetitive, the policy of the Court in this district is to award $1,150.00 in routine cases based upon a report by the debtor's attorney of the number of hours spent in the representation of the debtor.[4] The purpose of this rule is not to set a standard fee in Chapter 13 cases. Instead, the purpose of the rule is to relieve the debtors of the expense of requiring their lawyers to make a presentation of itemized fee requests and to urge consideration by the Court of such fee requests on a case by case basis. History has shown that the applications in typical cases are similar and usually result in similar awards of fees in each case.

The Court's policy does not discourage the request for larger fee awards in cases which pose greater difficulty and expenditure of time by the debtors' attorney. Such requests must be accompanied by itemized fee applications and must be noticed to creditors and individually considered by the Court. Likewise, cases of less than average difficulty do not warrant an award of fees in the amount of $1,150.00. Attorneys are expected to make appropriate fee requests in cases. Aside from any policy stated by this Court, Debtor's counsel would be expected to comply with considerations established by the State Bar of Georgia.

■ The Georgia Rules of Professional Conduct articulate the standard that attorneys should use in establishing a fee. Specifically, Rule 1.5 provides that an attorney's fee shall be reasonable. The rule articulates several factors to be used in making this assessment of reasonableness. First among this list of factors is the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

■ If a Chapter 13 case of average complexity warrants a fee of $1,150.00, this case calls for a substantially lesser fee. The argument of Debtor's counsel to the effect that the attorney effort is the same between a case with two creditors and a case with numerous creditors is specifically rejected. Likewise, the argument that $6,000.00 in debts presents no more difficulty than a case with substantially larger debts in terms of the fee considerations set out above is likewise rejected.

The Chapter 13 Trustee reviews fee requests during the confirmation hearing. Where the Trustee believes that the fees are excessive, objections to fees are imposed by the Trustee. In that connection, there are two kinds of fee objections. The first is one where the Trustee and the attorney have a reasonable difference of opinion over the worth of the services. If that objection cannot be resolved by agreement between a debtor's lawyer and the Trustee, the court will provide the forum for the resolution.

The other kind of fee objection is the one where debtor's attorney makes a request for an award of attorney's fees which is wholly without merit. Such is the case

---

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted all decisions of the Fifth Circuit Court of Appeals rendered prior to October 1, 1981 as precedent.

**4.** The practice before this judge is to award as much as $1500 without an itemized fee application if the request is supported by the Chapter 13 Trustee.

with the fees requested here by Debtor's attorney. While it is true that Debtor's attorney agreed to reduce or eliminate the fees before the call of this case, the agreement to such a voluntary reduction between Debtor's attorney and the Trustee does not serve the purpose of discouraging unreasonable requests for excessive fees. Any other procedure would encourage debtors' attorneys to request fees in the amount of $1,150.00 in every Chapter 13 case with the intention of negotiating the best possible fee with the Chapter 13 Trustee. A request for an unreasonable fee by the debtor's attorney is not in accord with the requirements of federal law and may violate the state bar ethical standards cited above. Such a request should not be negotiated by the Chapter 13 Trustee. The only appropriate negotiation is one which resolves a request for fees made in good faith in the first instance.

The circumstances of this case were carefully considered by the Court at an extended hearing. At the conclusion of that hearing, Debtor's counsel argued that the time spent in this case was more than would have been spent in a routine Chapter 13 case because of the extended hearing on the issue of the good faith of the attorney fee request. That fact, however true it might be, does not warrant an award of attorney's fees for the additional time spent. Time spent defending a request for attorney fees made in bad faith is not compensable. *See In re W.G. Shuckers, Inc.*, 232 B.R. 524, 528 (Bankr.S.D.Ga. 1999) (where case was not brought in bad

faith court found debtor's attorney was entitled to be compensated).

This case presents even more subtle complications. In the first instance, the Court considered the question of whether the case should have ever been filed. This Debtor might have been more ably and economically assisted by legal counsel that would have discouraged the filing of a Chapter 13 case. Debtor's counsel pointed out, correctly, that this Court is not free to substitute its own judgement, or the judgment of the Chapter 13 Trustee, for the judgment of Debtor's chosen counsel. For this reason, this decision does not address the question of whether Debtor would have been better served by another legal strategy. That issue, however, leads to another, more relevant, issue.

There was no evidence that Debtor was having any trouble paying her furniture creditor debt. The reason for the filing of this Chapter 13 case was solely attributable to the pressure brought by the student loan creditor. If the option of not filing any bankruptcy case was not urged by Debtor's counsel, the option of filing a Chapter 7 case should have been considered. While it is true that student loan debts are not dischargeable in Chapter 7 cases, the Code provides an exception at 11 U.S.C. § 523(a)(8) for a hardship discharge.[5] While it would be inappropriate to venture an opinion here as to whether such a discharge would be granted by this Court in this case, the appeal of such a presentation in this case is considerable.

---

**5.** Section 523(a)(8) states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a

governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8)(West 1994).

In response to the Court's inquiry as to why this alternative was not considered, it was argued that Debtor might not be able to make the kind of advance payment of fees routinely required in Chapter 7 cases. Since attorney's fees can be paid by Chapter 13 Debtors through their plans, it was suggested that Chapter 13 was the more appropriate alternative to this Debtor. Here arises the more troublesome consideration. Can a debtor's attorney knowingly direct a debtor to a remedy which serves to protect the best financial interest of the attorney rather than the debtor? While the circumstances of this case heighten the concern of the Court for that possibility, it still seems prudent to conclude in this case that the Court should not make an independent determination as to the relief which was best suited to this Debtor.

Another shadow across the landscape of this case is the fact that Debtor's attorney represents both Debtor and Debtor's son in his separate Chapter 13 case.[6] As noted earlier, as much as this case is intended to provide Debtor with the benefit of the automatic stay, it is intended to serve as a vehicle to the son for the payment of his student loan debt. If the student loan creditor receives regular payments through this Debtor's case, they are not likely to request relief from the automatic stay pursuant to 11 U.S.C. § 1301 even though it appears they might be eligible for such relief on the grounds that this Debtor did not receive the benefit of the loan proceeds. What is the Court to make of the possibility that Debtor's attorney may have a conflict of interest in representing both this Debtor and her son in separate Chapter 13 cases? The facts of this case show that it serves as a vehicle to

advance the best interest of the son to the possible detriment of this Debtor. While the facts are not sufficient to permit this Court to reach such a conclusion as a matter of law, they present an alarming resonance with such a proposition.

As a matter of law, the only conclusion this Court can reach in this case is that Debtor's attorney's request for fees in this case in the amount of $1,150.00 was unreasonable and not made in good faith. From the information provided to the Court, it appears that a fee in the range of $600.00 to $950.00 could have been appropriate in this case. Because the fee was found to be unreasonable and not requested in good faith, the Court must determine what, if any, fee to award to Debtor's attorney and what the criteria will be for awarding such a fee.

It must be recognized that a fee award of less than $600.00 would be a punitive decision by this Court. Such a determination would serve as a sanction to Debtor's attorney for requesting an unreasonable fee. The problem in this case with imposing sanctions is that Debtor's counsel has not been advised in advance that this Court will consider the imposition of sanctions. Such a warning in advance with the opportunity for counsel to be heard in opposition to the imposition of sanctions is an integral element of due process. This Debtor appeared at a confirmation hearing where it was expected that an award of reasonable attorney's fees would be made in the ordinary course of the confirmation process. Consequently, no award that amounts to sanctions could result from such a hearing.

While it would be possible now for the Court to serve notice on Debtor's counsel

6. Robert Westin filed a Chapter 13 case for Bobby L. Jones on July 22, 1997. Chapter 13

Case No. 97–53255–RFH.

that a further hearing would be convened for the purpose of considering the matter of sanctions, it seems to the Court that no useful purpose would be served by convening such a hearing and thereafter making a determination to impose sanctions. Having decided that this fee request was unreasonable and was made in bad faith, the Court can also take into consideration the fact that Debtor's counsel is ably and competently engaged in the representation of many other debtors in this Court. Furthermore, the Court is advised by Debtor's counsel that he has filed other cases with fee requests of less than $1,150.00 properly adjusted to the circumstances of those cases. Thus, it does not appear that the circumstances of this case represent a recurring problem on the part of this Debtor's counsel. However, the concerns expressed here should be carefully considered by counsel in future cases. It is the belief of the Court that counsel will not be requesting fees of $1,150 in cases of similar complexity to that of Debtor. Therefore, the Court will decline to proceed further towards a result which might be punitive in nature.

Based on the facts of this case, the Court will award attorney's fees to Debtor's counsel of $600.00. An order in accordance with this opinion will be entered on this date sustaining Trustee's objection, and a separate order will be entered providing for the confirmation of this case and the award of fees in this amount.